IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAUL DELGADILLO PORTELA, ) | |
| ) | |
|       Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-06-855-M |
| ) | |
| JOSEPH SCIBANA, Warden, ) | |
| ) | |
|       Respondent. ) | |

**REPORT AND RECOMMENDATION**

The Petitioner seeks habeas relief and the Court should deny the petition.

I.    BACKGROUND

Mr. Portela is a federal prisoner who is allegedly in isolation after being assaulted by gang members. He fears return to the general population, but also claims that perpetual isolation is cruel and unusual punishment. Thus, Mr. Portela seeks transfer to a safer institution.

II.    THE UNAVAILABILITY OF RELIEF IN HABEAS PROCEEDINGS

Challenges to the conditions of confinement are cognizable only in a civil rights action.[1] Mr. Portela challenges the conditions of his confinement and seeks transfer to

---

[1] *See McIntosh v. United States Parole Commission*, 115 F.3d 809, 812 (10th Cir. 1997); *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("constitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside of [the 'core' of habeas corpus]"); *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000) ("We have . . . recognized that federal claims challenging the conditions of his confinement generally do not arise under [28 U.S.C.] § 2241." (citations omitted)).

another federal institution. Thus, the proper vehicle for relief is a civil rights action, rather than a habeas petition.[2]

III.    INAPPROPRIATENESS OF RECHARACTERIZATION

Mr. Portela's allegations could be recharacterized as a *Bivens* action.[3] But "even fully informed district courts that try their best not to harm pro se litigants by recharacterizing may nonetheless end up doing so because they cannot predict and protect against every possible adverse effect that may flow from recharacterization."[4] Recharacterization could adversely affect Mr. Portela in two ways.

First, the claim would potentially be subject to dismissal for nonexhaustion of available administrative remedies.[5] In the habeas petition, Mr. Portela has not described any attempts to utilize administrative remedies. Thus, if the Court were to recast the petition, it

---

[2]     A similar issue arose in *Wiley v. Holt*, 42 Fed. Appx. 399 (10th Cir. July 15, 2002) (unpublished op.). There a federal prisoner sought habeas relief, claiming that he was in danger from fellow inmates and seeking transfer to another facility. *See Wiley v. Holt*, 42 Fed. Appx. at 400. The district court dismissed the petition, and the Tenth Circuit Court of Appeals affirmed. *See id.* The appeals court concluded that the petitioner's "concern for his safety and desire to be transferred was properly identified . . . as a civil rights action." *Id.*

[3]     Federal inmates challenging the conditions of their confinement may proceed under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See United States v. Furman*, 112 F.3d 435, 439 (10th Cir. 1997) (stating that a federal defendant's objections involving conditions of confinement "are cognizable under" *Bivens*).

[4]     *Castro v. United States*, 540 U.S. 375, 387-88 (2003) (Scalia, J., concurring).

[5]     *See* Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (2000).

could be subject to dismissal for nonexhaustion of administrative remedies.[6] If the action were recharacterized and dismissed for nonexhaustion, the ruling could imperil future requests by Mr. Portela for pauper status.[7]

Second, if the Court recharacterized the action, Mr. Portela would be required to pay an additional $350.00 filing fee.[8]

For both reasons, the Court should resist *sua sponte* conversion and allow the Petitioner to decide whether to pursue relief in a civil rights action.

IV.   RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the reasons discussed above, the Court should deny the petition.

The Petitioner may object to this report and recommendation. To do so, Mr. Portela must file an objection with the Clerk of this Court.[9] The deadline for objections is September

---

[6]   *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1209-11 (10th Cir. 2003) (a prisoner must plead and prove exhaustion of available administrative remedies).

[7]   *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1213 (10th Cir. 2003) (stating that a dismissal for nonexhaustion "may constitute a strike for purposes of 28 U.S.C. § 1915(g)" (citation omitted)).

[8]   *See* Deficit Reduction Act of 2005, Pub. L. 109-171, 120 Stat. 4, 183 (Feb. 8, 2006) (amending 28 U.S.C. § 1914(a)); W.D. Okla. LCvR 3.2. Even though Mr. Portela is proceeding *in forma pauperis*, he would remain responsible for eventual payment of the filing fee if the Court were to recharacterize the action. *See* Prison Litigation Reform Act, 28 U.S.C. § 1915(b)(1) (2000).

[9]   *See* 28 U.S.C. § 636(b)(1) (2000).

21, 2006.[10] Failure to file timely objections would result in waiver of the right to appeal the suggested ruling.[11]

V.   STATUS OF THE REFERRAL

This referral to the undersigned is terminated.

Entered this 31st day of August, 2006.

Robert E. Bacharach
United States Magistrate Judge

---

[10]   *See* W.D. Okla. LCvR 72.1(a).

[11]   *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").